The matter of the Estate of Leroy Fancher and the Appellant Gladys Fancher, 4090376. Counsel, please. Thank you, Your Honor. Good morning. I'm William Hatch. I'm the campaign attorney for Gladys Fancher, the appellant and the widow of the decedent of this estate, Leroy Fancher. Did she live in the house at the time he died? Yes. Yes, she lived there during their entire marriage and continued to live there for approximately a year after he died, at which time the executor had her evicted and sold the house. May it please the court and counsel. The first question in any homestead case is when is the homestead exemption being asserted? In this case it's being asserted as of the time she was evicted, which was August of 2008 and the house was sold and that was a year after the decedent died. Mr. Hatch, how was she evicted? I thought that the purpose of the Homestead Act was to give her a homestead. It is. So is it within the court's authority to evict her? Under the Probate Act? Under the Probate Act there's a section that allows the court to order the sale free and clear of the homestead exemption and to set off the homestead exemption. And that's what the court should have done and that's what we're asking this court to do. So your authority for claiming two exemptions is actually not just those bankruptcy cases which are split but the Belcher case itself? Well the Belcher, I think the confusion in the trial court is, I don't think the Belcher case really has anything to do with this case. It recognizes though that the factual situation in our case is different. Yes, exactly. In other words, the Belcher case and the other, there are a line of cases that say that if you're not entitled to the property then you're not entitled to a homestead. That was the holding in Belcher. But we're not here to debate whether Belcher is correct or not because Belcher, that ruling doesn't apply. Well, I don't understand it. What do you mean it doesn't apply? Didn't you just say Belcher said if you're not in the chain of title then the homestead doesn't work or the homestead exemption doesn't apply? If Gladys Fancher was claiming the homestead exemption during Leroy Mural Fancher's lifetime then she would have a problem because of Belcher. She's claiming it as of a year later. The next question that we have to answer in any homestead case is at the time she's claiming an exemption, what title did she have to the property? At the time she's claiming her exemptions, she had a one-third interest in the property by virtue of the fact that she renounced the will, she received a one-third interest in the property, she had the largest interest in the property. She also had, by virtue of 12902 of the Code of Civil Procedure, she also had her husband's homestead exemption which carried over. So the fact that she didn't hold title during her husband's lifetime is not relevant to any material issue in this case. The issue is what title did she have in August of 2008 when she's claiming these exemptions? She had a one-third interest in the property, she had her husband's homestead exemption, those would entitle her to claim her own homestead exemption under 12901 of the Code of Civil Procedure. She wasn't living there was she? Yes, oh yeah, absolutely. I thought she had moved out with a relative. No, no, there's no issue. She did not abandon the property. Well she did move out for a period during... She moved out for a short period of time when the executor had the utilities turned off and it was winter and she came back in the spring. But she never abandoned the property and that was the trial court so found that there was no abandonment of the property. It was her residence, she didn't have another residence, she went to live with a relative during the cold winter when the utilities weren't on in the house. Now I know you don't want to talk about Belcher but your opponents rely on Belcher. Do you do any bankruptcy? Yes. I have done very little. I mostly did the litigation that was underlying bankruptcy. My reading of the bankruptcy code says that Belcher is wrong. Well, I think it's wrong, yeah. I mean it says that the following property wherever located and by whomever held and then refers to all legal or equitable interests of the debtor in property. All interests of the debtor and the debtor's spouse in community property and under the sole equal or joint management and control of the debtor. And clearly Belcher, Keith was married to her, he lived there. I don't understand. And this is the same factual situation except... She has title under the order of the probate court. And as Belcher points out that puts her in a different status than their surviving spouse. Isn't it pretty amazing that there isn't direct case law on point? Well, it's interesting to me that Belcher actually mentions that they had, during their oral argument in the 7th Circuit, had considered sending it to the Illinois Supreme Court to say, you know, we really don't know what Illinois law is, please tell us. I'm guessing we're going to find out. Well, eventually, but I, you know, I don't think, that's not part of this case. Because at the time Gladys Fancher is claiming her homestead exemptions, she had title to the property. And she had, by virtue of the fact that she had a one-third interest in the property, and she had her husband's homestead exemption to the property, she would have the sufficient title to claim a homestead exemption under 12901. Isn't there an issue involved here whether one individual can claim two homestead exemptions? There never has been. You're saying case law is settled on that? There's no cases to the contrary. All of the, and as Judge Harstoff mentions, most of the homestead cases are bankruptcy cases. Every bankruptcy court in this district has said, sure, you can, the surviving spouse can claim both exemptions. I mean, it's in the statute. Both of them are allowed. The Roach case, the Silverman case, the Collins case, Judge Lessen, Judge Fines, whoever the judge was in the Collins case. All three bankruptcy courts in this district have ruled that there are no cases to the contrary. I don't see how there could be. I mean, the statutes are pretty clear. I'd be clear to you. It's not clear to me. I don't understand. I've never heard of it, being given more than one homestead exemption. Well, this is different. This homestead exemption, Mr. Hatch, this homestead exemption is different than your homestead exemption on your taxes, correct? It's different than the homestead exemption that you receive on your taxes. Oh, yeah, absolutely. And I think that's where my confusion comes from. I'm used to that one homestead exemption. Why did they provide for two homestead exemptions? Well, that's interesting. Part of the confusion for people my age and older is that it used to be you only had one homestead exemption. Prior to 1982, each property could only have one homestead exemption. So the person who got the homestead exemption was the householder. So you had to go through the process of saying, okay, well, who's the householder? Is it the husband or the wife or so forth? And you could only have one homestead exemption. After 1982, you could have two homestead exemptions. Actually, as I read the statute, you could have five homestead exemptions. I mean, if there's five people living in some place that all qualified as somebody entitled, somebody that was living there, it would be limited to the $30,000, but the cases are clear. I have searched and found no cases that contradict the statement that a surviving spouse can claim the surviving spouse's homestead exemption under 902 as well as her own homestead exemption under 901. So as far as I'm concerned, that's settled. So there's no merit to the argument that 902 would only kick in if 901 wasn't utilized? Or maybe it's 902 isn't utilized? I would answer that yes, there is. I don't see any merit in it because the statutes are clear. It would be contrary to the statutes. They provide that you can have both. So I think it would be a... Is there logic? Sure, but that's up to the legislature. The legislature has not seen fit to say you can only get one. Now, isn't this area kind of antiquated? I mean, originally the homestead was created because women had no right to property. I'm sure that's true. It used to be called the widow's ward. You certainly know more about this than I do. So in 1982, the legislature went back in to make it clear that she gets not only her own, but she gets a second one. What happened with the 1982 amendment was they eliminated the need to determine who the householder is. So you didn't have to debate whether the wife was the householder or the husband was the householder. In 1982 they said either spouse can have a homestead exemption. And so they created basically... 901 created actually the two $15,000... But there are now two $15,000 homestead exemptions. One for the husband, one for the wife. And that's the bankruptcy cases. When you file bankruptcy, the spouse will claim a $15,000 homestead exemption. The husband claims a $15,000 homestead exemption. That's where most of the reported cases you're seeing come from, the bankruptcy court. And that's what's done universally in the bankruptcy court. You claim... Wife claims a homestead exemption, husband claims a homestead exemption. Each has $15,000, total of $30,000, that's in the house. So that goes exempt. And that amendment that was made... I think it was that amendment. Wasn't it made in response to a special concurrence by Justice Heiple where he said, so if you have 10 co-tenants, you get... Back then it was a 7500 exemption. Each, all 10 people would get it. So they went back in and amended the statute to make it clear that it's... It's limited to 30. So if you've got 10 people claiming, they've got to share the $30,000. And if it's two people, they each have 15. Yeah, in other words, the total number that... My reading of it is, and it is confusing, I think, but my reading of it is that any number of people, if they qualify under 901, can claim a homestead exemption, but the total amount of claims cannot exceed $30,000. And so the people entitled to claim would have to divide the $30,000. In this case, we've got basically two entities. We've got the... Not one person. Well, we've got one person, but we've got the husband's homestead exemption, which would have been $15,000, which carries over under 902 to the widow, and she's claiming his homestead exemption, like in the Collins case and the other cases, that continues on as long as she's there or until she's evicted under the Probate Act. Then in addition to that exemption, she's claiming her own exemption, and clearly under 901 she qualifies, because at that point in time, August the 9th of 2008, she's entitled to the property. She has a one-third interest in it. She also has an interest in it by virtue of 902. If you read the statutes, I think you've got to look at the plain meaning of them. The plain meaning says she gets the homestead exemption under 901. She gets the homestead exemption under 902. If there had been no renunciation of the will, would she still be entitled to a homestead exemption under 901? I think she would, simply by virtue of the fact that she had her husband's exemption under 902. It would give her an interest in the property. If you read the cases, there's no… Well, I've read the cases. I don't understand them. I'm having a hard time grappling with how one person gets $30,000 worth of exemptions, but you're telling me the case law is unequivocally clear on that. Yes, because she's the widow. In other words, she gets her husband's exemption. She gets her own exemption. Which is the best case that we could look at? Well, there's the three I cited, Rhodes, Silverman, and Collins, which are the three bankruptcy cases in each bankruptcy court in this district. Those cases, though, didn't they… Let me rephrase it. In those cases, there was no question about that title was vested in the individual seeking the homestead exemption. Well, you're saying prior to the death of the decedent? Yes. The Collins case is exactly the same as this case. The person receiving, the widow receiving the two homestead exemptions was not entitled to the property until her husband died. She received the property after he died. So that's basically the same as this case. Her name was not in the title? No. And that's Collins? That's the Collins case. She had her name put on the title after her husband died. But prior to her husband dying, she had no interest in the property. The bankruptcy court said, yes, you get your husband's homestead exemption. It carries over. And now that you're entitled, now that you have titled the property, you can claim under 901. So what about their argument that the exemption cannot be applied as against the co-tenants? That's a key part of this case. And you have to look at the record and read the testimony of the executor. The first testimony is right at the beginning, the first testimony in this case. I walked the executor through the assets and liabilities of this case. The first thing we went through was, okay, what are the assets? Basically, there's $33,000 in assets. Then I walked her through the liabilities. And she testified as to $98,000 in liabilities. Before the widow's award is the surviving spouse's award, which is going to have to be fixed, at least $10,000. So that makes the liabilities of this estate $108,000. Assets of $33,000. Okay? That means the estate is insolvent by $75,000. So if the widow gets her $30,000, who's out? The creditors are going to get $30,000 less. If you say, well, the widow doesn't get any homestead exemption, the creditors get it all. The other beneficiaries, and the executor admits this, the other beneficiaries aren't even in the picture. You're only talking about less than a little over $31,000 to begin with. Yeah. Yeah. But the point I'm making is the other beneficiaries, they're not in the picture because it solely is a question of, does the widow get this $30,000 or do the creditors get it? Why does that concern us? Because that's how you make the finding, which 901 sets forth, that it's not being asserted against the other co-tenants. Because the other co-tenants are not being affected in any way by the widow receiving or not receiving a homestead exemption, or receiving one or receiving two. It doesn't matter. The other beneficiaries are not affected in any way by your decision. Your time is up, counsel. You have time on rebuttal. Counsel, please. Thank you, Your Honors. May it please the Court. Counsel, my name is Anna Benjamin. My co-counsel seated at the table is Stephen Amjad, and we represent Deborah Hornsby, who is the executor of the estate. Counsel, what's pending still before the trial court, albeit this is up on appeal? Your Honor, there are several issues still pending, one of which is a proposed distribution of assets of the estate. I believe several matters are set for December 22nd, including a motion to offset spousal. Doesn't that raise a question why this Court should be doing this at this juncture with all those matters still pending at the trial level? Yes, I think it would, Your Honor, except that I think this appeal is limited to the issues of whether Mrs. Chapman and Mr. Ritchie can under Section 902, and then whether that can be applied at all essentially in this case because we've got so many co-tenants, beneficiaries who are now her co-tenants. Are they really co-tenants? They are, Your Honor, and Chapman v. Ritchie in Illinois Supreme Court case cited in our brief is directly on point on this issue. There, the surviving spouse, Mrs. Chapman, renounced her husband's will, and the Court said... But didn't there the children live in the home? Your Honor, I do not recall if the children lived in the home, but the will had provided that Mrs. Chapman would have received the life estate and the children would receive the remaining interest in the property. Here, it's the same situation, except that Mr. Fancher's will didn't provide for Ms. Fancher to receive any interest in the property. The property was to be sold and the proceeds distributed to the children. So, it's the same situation. The children now, who are adults, are the co-tenants with Mrs. Fancher. Are you sure those cases when they refer to co-tenant don't mean one who is in possession? Usually those cases were partition proceedings, which we don't have now, and it had to do with the householder language and people being in possession. And I'm not sure we're not throwing around the use of the term co-tenant loosely. Well, Your Honor, I don't recall whether all of the children were still living in the home, but I know they were essentially the plaintiffs bringing that partition action, and the Court said that they were co-tenants with her. The Court doesn't rely on the fact that they were living there or doesn't even really address that, as far as I can recall. So, I think it's analogous. I think that the Chapman case is directly on point, and it dictates the result in this case. You renounce the will, you become a co-tenant with the other individuals who have now an interest in that same property. And here the beneficiaries have an interest in that property as well. So, the Circuit Court of Champaign County was right when it said that Mrs. Fancher could not assert her own exemption under Section 901. She doesn't have title to the property. She doesn't have an ownership interest. Well, I thought the Court awarded her a third interest in that property. Her renunciation of the will by statute entitles her to one-third share of the estate. And the specific language of the statute says it's one-third interest. It's a share of the estate. It's not a share or title in that specific piece of property. Now, Homestead is about a specific piece of property. Do you have authority for that? Your Honor, I would simply cite to the statute itself. Its language is clear. We have to look at the language of the statute itself. What language is that? I'm quoting 755 ILCS 52-8A. In the middle there it says the surviving spouse is entitled to the following share of the testator's estate after payment of all just claims. This is different from a Homestead exemption. This is an interest. I'm sorry, 52-8A. So this is different. So you're saying she isn't given any title by virtue of receiving a share of the testator's estate. That's my understanding, Your Honor. No cases? Your Honor, I apologize. I do not have an exact case on point for that. Well, what about Belcher? Doesn't Belcher specifically exclude the situation we have here? Belcher does mention this situation. And it says basically in dicta that someone might have an interest in property if a titled spouse dies. But that wasn't the issue before that court. And so I would assume that the court wasn't briefed on this issue and the court there never had to consider the implication of Section 902 and the Chapman case which says you can't assert these exemptions at all against co-tenants. Are they in fact asserting it against a co-tenant here? Yes, Your Honor, because at this point, as I said earlier, the proposed distribution is still pending in front of the trial court. Now, the other thing is the estate has a judgment. Well, if that's an issue, whether it's being asserted against a co-tenant, doesn't that mean we should send it back without deciding the issue? Well, I think, Your Honor, I think this court can decide the issues of whether Mrs. Fancher is entitled to 901 in her own right, whether she has a sufficient ownership interest. And then I think this court can say that she is not entitled to assert her homestead exemption because there are co-tenants involved in the estate. And the exact distribution is still pending. Justice Myerscough is suggesting there is a question whether they are co-tenants.  Why would we make that determination until there's been one at the trial court? Well, Your Honor, that may be a good point. It may be a good point if the trial court specifically said in its ruling that she could not assert the homestead exemption against co-tenants, but the trial court didn't say anything about, I suppose, whether these beneficiaries were co-tenants. It's our assertion at this point that they are co-tenants, and Chapman therefore says she can't assert them. And did the trial court rely on Belcher? The trial court did rely on Belcher to say that Mrs. Fancher was not entitled to a homestead in her own right because she had no formalized interest in the property, and that's true. So you will concede if, in fact, she had formal title to the property, that she is entitled to her exemption and her deceased spouse's exemption? I think, Your Honor, that it doesn't really make sense. It's a result that would not really make sense, and I think the only case that has actually decided that is in Ray Rhodes. In Collins, the court did not have to decide that issue, and in Silverman, the court did not have to decide that issue, and in fact, Silverman, I think, has been abrogated now by Belcher. But it doesn't make sense because if automatically a titled spouse dies, you have the exemption under Section 902. That exemption kicks into place for the benefit of the surviving spouse. You're conceding that the statute is ambiguous? I think the statute is clear on its face, and maybe it is up to the legislature to make it more clear as far as how many exemptions one person can claim. What does it mean if two or more individuals own property that is exempt as a homestead? The value of the exemption of each individual may not exceed his or her proportionate share of $30,000. That means that if two individuals were alive and they were, say, declaring bankruptcy, they each could claim a $15,000 exemption under that statute. And the exemption is reduced if three people own title to a property and claim a home. Counsel, I asked Mr. Hatch if the case law was clear that one person could get two exemptions, and he thinks that it is clear. I think he cited Collins. Now you're telling me that in your view it is not crystal clear. I do not think it is as crystal clear. I think that In re Rhodes is the only case where they said they did allow somebody to claim both exemptions. But as always, the person has to meet the requirements under both exemptions. Have you done any legislative history? Your Honor, the only legislative history that I'm aware of, for example, is the 1994 amendment which clarified and said, yes, we're going to limit these exemptions. They are not just meant to go on forever. And so if three people own title to the property and they want to all claim a homestead exemption and they occupy the property, they can only share a part of that homestead exemption, a maximum of $30,000. Could it be that homestead exemption means something different in bankruptcy than it does under probate? I think that's a possibility. And I would point out that most of the cases here that we're looking at are bankruptcy cases, and the one case that is a probate, essentially, case is Chapman. And in Chapman, renunciation of the will. That's under a prior statute or referred to householder as opposed to individual, correct? I think that's correct, Your Honor. It's a 1980 case. Right. But regardless, in that case, they said, regardless, I mean, they, I think, assumed that she was claiming the interest under Section 902, the surviving spouse homestead exemption. And they said, regardless, she couldn't assert that against the cotenants, so that homestead exemption was simply unavailable to her. Well, here's the legislative history. This is Hoffman speaking. If you, your wife, and your wife's sister lived with you and was ownership, you couldn't get $7,500 apiece. You could get $15,000 total. That's the intent of the original law. But what has happened is, is there were some, there was a court case, a recent court case, that specifically said that they, that it was believed that the legislature had to clear that provision up. So what it says is, that's $15,000 per household. So if it's $15,000 per household back then, it's $30,000 now. That's what the statute says. So are you saying that under this provision, when a spouse dies, that $15,000 evaporates? No. That, I mean, Section 901. $15,000 evaporates? Whose $15,000 evaporates here? Because 902 clearly says she gets to inherit the exemption from her deceased spouse. Are you saying hers evaporates? No. I'm saying she would get his exemption, continuing from Section 901 to Section 902. And if she were an owner, then she would get an exemption under Section 901. So you're conceding that there would be two exemptions in that circumstance? I think, I suppose until the legislature would make it more clear, you could. But you have to meet the requirements under both sections. Do you do bankruptcy law? No, Your Honor. So you don't know whether what Mr. Hetch asserted is correct, that this is regularly recognized as a double exemption in bankruptcy court? No. I don't know, as far as bankruptcy court goes, what they would do. Counsel, you lost me there. So you're conceding now that one person can get two exemptions? I think, Your Honor, you know, the only case that says, that allowed that was Rose. No other case has allowed that. And I think it's a result that's not completely logical. But what the statute says is that any individual having an ownership interest and still residing on the property can claim an exemption under Section 901. Well, let me ask you this. Let's just change our facts a little bit. Let's say the property was in joint tenancy. Same facts otherwise. What's the amount of the exemption? I think the logical result is to give that person, surviving person, one exemption. One exemption only. But, unfortunately, I don't have the authority. I don't think it's been addressed. And so there is no direct case on point. The Rose case would be the closest to that. And I think that when the legislature created this, I mean, 902 was the exemption that would continue for the surviving spouse. They would automatically get that exemption, and that should be it. So under that circumstance, the $15,000 evaporates. She inherits the right to it, but her $15,000 disappears. I think that should be the result. I think that she should, as one person, get it. If he's alive, the two get $30,000. And if he's dead, she gets only his, not hers. I bet that makes sense. No, I think she'd get only hers, not his. She'd get hers. Right. What happens to 902? Really, the point of 902 is to protect the surviving spouse who didn't have title, I think. And so, as you said, I mean, this is sort of an old law. It's meant to protect the surviving spouse who maybe didn't have any ownership interest in the property from creditors. So she gets her exemption. She gets her protection from creditors already under Section 901. Why should 902 apply, I suppose would be the argument. What did the court rule in this case? In, I'm sorry, in which case? In this case, our case. Our case, the court held that she wasn't entitled to her own exemption under Section 901 because she didn't have an ownership interest, but that she was entitled to the surviving spouse exemption under Section 902 because that doesn't require an ownership interest, and that regardless she can't assert that exemption against co-tenants. So what does such exemption shall continue after the death of such individual for the benefit of the spouse surviving? I don't see anywhere where it takes away her own exemption. Right. It says that it shall continue for the benefit of the surviving spouse. So it should continue for a surviving spouse. And, again, I think at the time it was supposed to be for a surviving spouse who didn't have title to the property. We have no doubt this was actually created before women had the right of dower. Right. Counsel? Yes, sir? You say that there are co-tenants here, correct? Yes. But you also went through a colloquy with Justice Myerscough suggesting that title was not vested upon death and renunciation, just a one-third interest in the estate. Right. Well, logically, these so-called co-tenants also have nothing vested, except for a one-third interest in the estate. How do you argue on one hand title doesn't vest until there's a notice of probate filed or until a judge has a deed issued? But you can say these other folks are co-tenants, and they haven't had any of that happen either. All they have is a one-third share of the estate. Right. I guess I would point out the difference is their co-tenants, the beneficiaries are co-tenants in the sense that they have an interest in this property, because it's an asset of the estate. But you're saying she doesn't have title because she only has a one-third share in the estate, not a one-third share in the property. And that makes sense to me because there is no change of title, as I understand it, until there's a notice of probate or until there's some kind of deed at some point issued in the probate of the estate. That suggests to me that there is not an interest in the real estate, so therefore there can be no co-tenancy. The only answer I would give for that is that the beneficiaries of the estate are co-tenants in the sense that they also have an interest in the property. I'm not denying that Ms. Bancher has an interest in the property. It's just not title that would allow her to have her own exemption under Section 901. But the rest of the beneficiaries also have an interest in that property. And the point, according to the Illinois Supreme Court and Chapman, is to not enlarge anyone's interest in property. Chapman says that specifically. Counsel, let's go to the language of the statute in keeping with what Justice Turner has asked you. It says property owned or rightly possessed by lease or otherwise and occupied by him or her as a residence. This property was rightly possessed by marriage and occupied by her as a residence. It was not occupied or possessed by your client. Right, and none of the beneficiaries are claiming a homestead exemption in that property. Now, the issue of whether she owned property or is entitled to Section 901 by virtue of her marriage, I think that's already been decided. And the courts have held no, that just ownership, just being married to somebody who owns property is not sufficient. It's not a rightful possession. And that's what Belcher says. Well, I thought Belcher actually recognized that there would be a legal irreparable interest and refused to address that issue, did want to send the issue between the Belchers to the Supreme Court, but then there was a conflict of interest and counsel refused so they didn't certify the question. What happened in Inouye Belcher was two individuals, they had actually been, two individuals declared bankruptcy. They had actually been married before and divorced, and so title was only in one of the individuals. They remarried, declared bankruptcy, and both of the individuals then wanted to claim their own homestead exemption under Section 901, and Inouye Belcher says no, they cannot do that. The husband who is not entitled to the property doesn't have its own ownership interest, doesn't have an exemption under Section 901 just by virtue of being married. So I think the courts have already addressed that, and it's clear that just by virtue of being married doesn't give her the exemption. Well, what does that language mean in the Bankruptcy Code? It's, the estate is the following property, all legal or equitable interests of the debtor in the property, all interests of the debtor in the debtor's spouse and community property, that is under the sole equal or joint management and control of the debtor. Your Honor, as I said, I don't practice bankruptcy. I don't think that bankruptcy statute is before us today. These are two different statutes, two different, we've got different requirements. We're talking about Illinois law here. We're talking about the homestead. You're relying on Belcher. Is Belcher authority for this court? You're right, Your Honor. That is a federal case from the Seventh Circuit. But I think other cases, which actually recognizes her interest. Counsel, your time is up. Thank you. Roberto, please. Thank you, Your Honor. I think I should talk about Chapman because it's our Supreme Court. And even though it's a 1980 case, it's interesting in reading Chapman, the facts are exactly the same as this case. Namely, Mrs. Chapman, the widow in that case, was a non-titled spouse prior to her husband dying. She had no interest in that property. And like this case, she renounced the will. That's how she required her interest. The same as Mrs. Fancher in this case. These widows are the same up to that point. The Illinois Supreme Court, and actually they're relying on their previous case in Phillips, had no problem with that. The Illinois Supreme Court held that by renouncing the will, you become a co-tenant. And so, yes, they are co-tenants. And that gave her the right to claim a homestead exemption in the property of her husband, who owned the property solely prior to his death, but the widow receiving her interest in the property only after he died, or by virtue of her renouncing the will. So the facts are the same. Why didn't she get... The reason they're relying on Chapman is because the widow lost in that case because of the language about co-tenants. You can't assert a homestead exemption against a co-tenant. But I have no problem with Chapman, because Chapman has 40 acres there, and in that case, if she got her homestead exemption, those co-tenants of hers would have been getting less. And Chapman, I'm reading right from Chapman, which is quoting from their previous case of Phillips, says, It is still permissible for an individual, including a co-tenant, to assert the exemption in other situations in which the individual against whom the exemption is asserted is someone other than a co-tenant of the individual asserting the exemption. The scope of this amendment is limited. It is the particular situation of co-tenants with which the legislature is concerned. That's our Supreme Court, and that's why it's important to focus on this co-tenancy issue. In that case, I mean, in that case, it was either the widow got the homestead exemption or it got passed on to the co-tenant. In this case, for the reasons I explained, it's completely different because in this case, the quote-unquote co-tenants, the other beneficiaries, have no, they really have no dog in this fight. They're not, whether, whether the widow financier gets her one exemption, two exemptions, or no exemptions, they're not going to be affected in any way because it solely is a question of whether that $30,000 or any part of it. I don't understand why we would even be litigating it then if it doesn't make any difference to them. If it makes no difference at all, if they can't gain anything, then why are we even here? What's driving this litigation, I guess is my question. Yeah, that's a very good question. Do you have an answer for me? Well, people. Mr. Hedges, isn't it in fact true that if your client receives the two homestead exemptions, it is actually to the benefit of your opposing party, parties, because there has subsequently been a ruling by the judge that there was dissipation in a judgment against your client for $65,000, which she needs to repay the co-tenants. I don't want to get into that judgment because it's not supported by evidence and if the trial court doesn't set it aside, you'll probably get to hear that one too. Well, I'm not asking you about the judgment. I'm just saying it would be to your opposing client's benefit if your client were to receive $30,000. No, no, credit. It's all credit. Well, if they have a judgment against you for $65,000. No, no, no, the estate. If there's a judgment, it's in favor of the estate, which is, as I pointed out, there's no way any co-tenant beneficiary is going to get one dime from the estate. So it goes back to the estate. So it's going to go to the creditors of the estate. This widow has received nothing. She's not received any. She's not received one dime. Her husband's been dead for over two years and she's received absolutely nothing, not one dime. How much were the attorney's fees that were listed in the record? Well, they were about $60,000. That doesn't include any of yours, correct? No, no, not mine. But they magnanimously agreed to accept her. Thank you, counsel.